UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JONATHAN SCHWARTZ,

                       **Plaintiff,**

         -against-

SENSEI, LLC, et al.,

                       **Defendants.**

-----------------------------------------------------------------X

**17-CV-04124 (SN)**

**SCHEDULING ORDER
FOR DAMAGES INQUEST**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/29/2021

**SARAH NETBURN, United States Magistrate Judge:**

On February 14, 2020, the Court entered default against Defendant Sensei, LLC, on consent of counsel. See ECF No. 145. On September 30, 2020, the Court entered an Opinion and Order dismissing the Plaintiff's Second Amended Complaint as to Defendant Odeon Capital Group, LLC, and the Individual Defendants. See ECF No. 146. That Order also indicated that the Court would address the allegations against Sensei by separate order. Accordingly:

1.     No later than 30 days after entry of this Order, Plaintiff shall file Proposed Findings of Fact and Conclusions of Law describing all claimed damages and any other monetary relief against Defendant Sensei. Plaintiff should file this document, along with any accompanying exhibits and affidavits, to ECF under "Civil Events/Other Filings/Trial Documents." Plaintiff also shall serve a complete copy of their filing and a copy of this Order by mail to the defendant's last known addresses.

2. Plaintiff shall support the Findings of Fact and Conclusions of Law with affidavits and other documentary evidence. Each proposed finding of fact shall cite the evidence provided. The amount of damages shall be linked to specific claims of liability. Each allegation of liability shall cite the appropriate paragraph of the complaint.

3. In lieu of conclusions of law, Plaintiff shall submit a memorandum describing the legal basis for the damages claim, and any claim for interest or attorney's fees.

4. Defendant shall file any response no later than 30 days after service.

5. The Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. See Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991); Fustok v. ContiCommodity Servs. Inc., 873 F.2d 38, 40 (2d Cir. 1989). Any party seeking an evidentiary hearing on damages must set forth reasons why the inquest should not be based upon the written submissions alone and include a description of what witnesses would be called to testify and the nature of the evidence that would be submitted.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: March 29, 2021
       New York, New York